# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LEVI JOSIAH LEWIS, | ) |
| Petitioner, | ) |
| v. | ) Case No.: 2:16-cv-01141-LSC-SGC |
| LEE POSEY DANIELS, Warden, et al., | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

On December 30, 2016, the magistrate judge entered a report recommending this petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed as time-barred. (Doc. 6).[1] Petitioner, Levi Josiah Lewis, has filed a response, which the undersigned construes as objections to the report and recommendation. (Doc. 7). For the reasons that follow, the magistrate judge's report and recommendation will be adopted and accepted, as modified herein.

### A.   Petitioner's Objections

In his objections, Petitioner asserts a number of arguments regarding why his claims are not time-barred: (1) the trial court did not inform him of his right to

---

[1] Citations to the record in the instant federal habeas petition refer to the document and page numbers assigned by the court's electronic filing system and appear as "(Doc. __ at __)." Citations to the sentencing court's record in *State v. Lewis*, No. CC-2010-001411.00 (Cir. Ct. Jefferson Cty., Bessemer Div. *judgment entered* May 7, 2012) refer to the document numbers assigned by the Alacourt system and will appear as "(St. Ct. Doc. __)."

appeal or withdraw his guilty plea; (2) the statute of limitations does not apply here because of the jurisdictional nature of Petitioner's federal habeas claims; and (3) statutory and equitable tolling apply here because of procedural issues concerning Petitioner's first Rule 32 petition and due to his subsequent transfer to St. Clair Correctional Facility.  (Doc. 7).  Each of these arguments is addressed in turn.

First, Petitioner's contention that the trial court did not advise him of his right to appeal or withdraw his plea of guilty is contradicted by the state court record.  In conjunction with Petitioner's guilty plea to attempted murder, he signed a form entitled "Explanation of Rights and Plea of Guilty."  (St. Ct. Doc. 30).  Under the heading "Rights You Have and the Waiver of Your Rights," the form explained:

> BY ENTERING A PLEA OF GULTY, YOU WILL ALSO WAIVE YOUR RIGHT TO APPEAL, UNLESS (1) YOU HAVE, BEFORE ENTERING THE PLEA OF GUILTY EXPRESSLY RESERVED THE RIGHT TO APPEAL WITH RESPECT TO A PARTICULAR ISSUE OR ISSUES, IN WHICH EVENT APPELLATE REVIEW SHALL BE LIMITED TO A DETERMINATION OF THE ISSUE OR ISSUES RESERVED, OR (2) YOU HAVE TIMELY FILED A MOTION TO WITHDRAW THE PLEA OF GUILTY AFTER PRONOUNCEMENT OF SENTENCE . . . .

(*Id.*).[2]  Petitioner's signature appears below this explanation and immediately following a statement that he had read the entire form or that it was read to him.  (*Id.*).  Accordingly, Petitioner's contention that the trial court failed to advise him

---

[2] Petitioner also signed a page explaining he had not preserved any issues for appeal.  (*Id.*).

2

of his right to appeal or withdraw his guilty plea is belied by the record and is devoid of merit.

Next, to the extent Petitioner contends the sentencing court's alleged lack of jurisdiction over him precludes application of the statute of limitations here, the argument fails. As previously noted by the undersigned and other judges sitting in this district, "there is no exception under AEDPA's statute of limitations for a § 2254 claim that the state court lacked subject matter jurisdiction." *Owens v. Mitchem*, No. 10-1167-LSC-HGD, 2012 WL 4009335, *3 n.3 (N.D. Ala. July 10, 2012), *adopted by* 2012 WL 4009331 (N.D. Ala. Sept. 6, 2012); *Davidson v. Kizzire*, No. 12-2101-LSC-JEO (N.D. Ala. *entered* Apr. 21, 2014); *cf. Williams v. United States*, 383 F. App'x 927, 929-30 (11th Cir. 2010) (holding the one-year statute of limitations set forth in 28 U.S.C. § 2255(f) applies to claims challenging the trial court's jurisdiction brought by a federal prisoner in a motion to vacate under 28 U.S.C. § 2255). In challenging the state court's jurisdiction, Petitioner asks the undersigned to second guess the state court's interpretation of state law. This form of relief is unavailable to a federal habeas petitioner. *See McCullough v. Singletary*, 967 F.2d 530, 535-36 (11th Cir. 1992). For all of the foregoing reasons, the supposed jurisdictional nature of Petitioner's claims does not somehow excuse their untimeliness under § 2244(d).

Finally, Petitioner contends his claims are saved by statutory and equitable tolling. (Doc. 7 at 3-5). As to statutory tolling, Petitioner contends he initially filed a Rule 32 Petition in the sentencing court on March 8, 2013. (*Id.* at 3). Apparently, rather than pay the filing fee, Petitioner filed a motion for leave to proceed *in forma pauperis*. (*See id.*). Petitioner alleges that, after hearing nothing for more than eight months, he wrote the sentencing court on November 18, 2013, regarding the status of the Rule 32 Petition. In response the sentencing court informed Petitioner on December 12, 2013, that the Rule 32 Petition was never filed because it denied the motion for leave to file *in forma pauperis*. (*Id.*). Accordingly, the Rule 32 Petition was returned to Petitioner as unfiled. (*Id.*). Petitioner states that he sought mandamus relief from the Alabama Court of Criminal Appeals on December 28, 2013, which was denied on March 31, 2014. (*Id.*).

To the extent Petitioner contends the foregoing facts entitle him to statutory tolling, he is mistaken. Statutory tolling arises from 28 U.S.C. § 2244(d)(2), which tolls the one-year limitation period during the pendency of "a properly filed application for State post-conviction or other collateral review" of the underlying judgment. *See also McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009). However, because the sentencing court denied Petitioner's motion for leave to proceed *in forma pauperis*, and because Petitioner did not pay the fee, there is no

question that his first Rule 32 Petition was not "properly filed." Accordingly, it had no statutory tolling effect. *See Carroll v. Price*, No. 14-065-JHH-TMP, 2015 WL 225468 at * 4 (N.D. Ala. *entered* Jan. 16, 2015). For the foregoing reasons, the magistrate judge correctly concluded that the statute of limitations regarding Petitioner's federal habeas claims expired on June 18, 2013.

Petitioner's contention that he is entitled to equitable tolling is largely based on his transfer to St. Clair Correctional Facility, where dangerous conditions prevented him from accessing the law library. (Doc. 7 at 4-5). Although Petitioner does not state precisely when he was transferred to St. Clair, it appears the transfer occurred in 2015. (Doc. 7 at 3). Additionally, all of the St. Clair incidents about which Petitioner complains occurred in 2015 and 2016. (Doc. 7 at 4). Accordingly, even if the facts alleged in Petitioner's objections entitled him to equitable tolling, there was nothing left to toll because the statute of limitations on Petitioner's federal habeas claims expired on June 18, 2013. For the foregoing reasons, the undersigned need not determine whether the facts alleged by Petitioner would entitle him to equitable tolling.

For the reasons stated above, Petitioner's objections will be overruled.

**B.** **Exhaustion and Procedural Default**

In reviewing the record in this case, the undersigned discerns an additional reason Petitioner's claims are due to be dismissed. Specifically, the magistrate

judge's report notes that when Petitioner appealed the dismissal of his petition pursuant to Rule 32 of the ALABAMA RULES OF CRIMINAL PROCEDURE, the "Alabama Supreme Court affirmed and entered a certificate of judgment on April 10, 2015." (Doc. 6 at 2). However, review of the state court record reveals Petitioner never sought *certiorari* from the Alabama Supreme Court regarding the denial of his Rule 32 Petition. Instead, following its affirmance of the sentencing court's dismissal of the Rule 32 Petition, the Alabama Court of Criminal Appeals entered a certificate of judgment on April 10, 2015. (*See* St. Ct. Doc. 29). This, coupled with the fact that Petitioner never pursued a direct appeal, necessarily means Petitioner never presented any of his claims to the Alabama Supreme Court.

A state prisoner is generally ineligible for federal habeas relief unless he has first exhausted the remedies available in the courts of the state of conviction. *See* 28 U.S.C. § 2254(b)(1)(A); *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1343-44 (11th Cir. 2004). A state prisoner must first present any federal constitutional or statutory claim through one complete round of the state's trial and appellate review process, either on direct appeal or in state post-conviction proceedings. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Mauk v. Lanier*, 484 F.3d 1352, 1357 (11th Cir. 2007). Thus, an Alabama state prisoner must attempt to present his claims to the Alabama Supreme Court. *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003). Where a claim has not been exhausted in the state courts and it is clear

6

from state law that that any future attempts at exhaustion would be futile, the federal claims are procedurally defaulted, and review in the federal courts is generally precluded. *Bailey v. Nagle*, 172 F.3d 1299, 1305 (11th Cir. 1999); *see Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

As noted above, Petitioner never presented any of his claims to the Alabama Supreme Court. Accordingly, his federal habeas claims are unexhausted. Additionally, it is clear that any attempt to exhaust state remedies now would be futile. *See Bailey*, 172 F.3d at 1305. Any Rule 32 petition Petitioner could file would be barred by Rule 32.2(a)(5) (precluding relief for any claim which "could have been but was not raised on appeal"), Rule 32(b) (precluding relief for claims brought via successive petitions), or Rule 32(c) (precluding relief for claims brought more than one year after the issuance of a certificate of judgment).

For the foregoing reasons, Petitioner's federal habeas claims are procedurally defaulted.

**C. Conclusion**

After careful consideration of the record, the court **OVERRULES** Petitioner's objections, **ADOPTS** the report of the magistrate judge, and **ACCEPTS** her recommendations, as modified herein. Accordingly, the petition is due to be dismissed as time-barred and procedurally defaulted. A certificate of appealability is due to be denied.

A separate order will be entered.

**DONE** AND **ORDERED** ON APRIL 20, 2017.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704

8